UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS,

    Plaintiff,

    v.

EFRAIN FONSECA ANGULO, et al.,

    Defendants.

_____/

No. C 10-5578 PJH

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**

    Before the court is the defendant Francisco Montecino's motion for an order setting aside the default entered in the above-entitled action on April 14, 2011. Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby GRANTS defendant's motion to set aside the default.

    Pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default for good cause. The Ninth Circuit utilizes a three-factor test to determine whether good cause exists. See United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010)('good cause' determination requires consideration of three factors: (1) whether defendant engaged in culpable conduct; (2) whether defendant has no meritorious defense; or (3) whether opposing party will suffer prejudice). Pursuant to Mesle, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id. As the party seeking relief from the entry of default, defendant here bears the burden of showing that the three Mesle factors favor such relief. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 926 (9th Cir. 2004).

    With respect to the first Mesle factor, the court concludes that defendant has not engaged in culpable conduct. A defendant's conduct is culpable "if he has received actual

or constructive notice of the filing of the action and intentionally failed to answer." Mesle, 615 F.3d at 1092; see also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001)(culpability requires the defendant to have "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process").  Here, defendant filed a motion to dismiss the complaint on April 15, 2011 – one day after the clerk entered default, and only days past the deadline for responding to plaintiff's initial complaint.  Furthermore, defendant is unrepresented, a fact that warrants added consideration.  See Mesle, 615 F.3d at 1093 (declining to attribute intentionality to an unrepresented defendant's mere failure to answer a complaint, holding that such a stringent culpability standard was reserved for a "legally sophisticated entity or individual" who is presumed to have "an understanding of the consequences of its actions").  In view of these facts, the court concludes that defendant has not intentionally failed to answer or respond to the complaint.  Therefore, defendant has not engaged in culpable conduct under Mesle.

     Nor is defendant devoid of a potentially meritorious defense.  To satisfy the meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense."  See Mesle, 615 F.3d at 1094.  However, the burden to show a meritorious defense in support of a motion to set aside "is not extraordinarily heavy."  Id.  Defendant need only "allege sufficient facts that, if true, would constitute a defense...".  Id.  Furthermore, the meritorious defense requirement is also more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment.  See id. at 1091 n.1.  Here, defendant's motion to set aside the default challenges the complaint on the ground that defendants never actually engaged in the unauthorized and/or unlawful display of the alleged programming in question.  See, e.g., Mot. Set Aside Def. at 2.  Liberally construed, defendant's motion challenges the allegations of the complaint on its merits, for failure to state a claim.  Thus, defendant has presented a legally cognizable defense.

Finally, there is no prejudice to plaintiff that results from setting aside the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" TCI Group, 244 F.3d at 701 (citation and quotation marks omitted). Here, defendant delayed only a matter of days in responding to the complaint after she was served. Thus, setting aside the default would not result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. Moreover, particularly – as here – where default judgment has not been entered, the lack of prejudice to plaintiff favors granting the motion to set aside entry of default.

In sum, therefore, the three factors in the good cause analysis under Mesle favor setting aside the entry of default pursuant to Rule 55(c). This conclusion is furthermore consistent with the strong public policy that generally disfavors default judgments in favor of resolving a case on its merits. See Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Accordingly, defendant's motion to set aside the default against him is GRANTED.

Defendant's motion to dismiss, which has already been filed, is therefore placed back on calendar. Plaintiff's opposition, the court notes, was filed on June 7, 2011. If defendant wishes to file a reply to the opposition, he must do so by November 18, 2011. The court will thereafter decide the motion on the papers. No hearing will be held.

Default as to the remaining defendants – defendants Efrain Fonseca Angulo and Idalia Matilde Montecinos – remains valid, as neither of these defendants has joined in the instant motion to set aside the default. Accordingly, plaintiff's motion for default judgment may go forward as to these two defendants. Plaintiff is welcome to file a renewed motion for default judgment limited to these two defendants, no later than November 18, 2011. Such action will have the event of terminating the motion for default judgment presently on file. However, in the event no renewed motion is filed by November 18, the court will by

separate order refer the pending motion for default judgment to a magistrate judge for a report and recommendation with respect to the aforementioned two defendants only.

**IT IS SO ORDERED.**

Dated: November 4, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge