UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOE HAND PROMOTIONS,

    Plaintiff,

    v.

EFRAIN FONSECA ANGULO, et al.,

    Defendants.

_____/

No. C 10-5578 PJH

**ORDER DENYING DISMISSAL; GRANTING MOTION TO SET ASIDE DEFAULT**

On November 4, 2011, the court granted defendant Francisco Montecino's ("F. Montecinos") motion to set aside the default entered against him on April 14, 2011, and placed on calendar defendant F. Montecinos' motion to dismiss plaintiff's complaint. By the same order, the court also instructed that plaintiff's pending motion for default judgment could go forward as to the remaining two defendants, Ephrain Angula ("Angula") and Idalia Montecinos ("I. Montecinos"). The court allowed plaintiff until November 18, 2011 to file a renewed motion for default judgment, if it so wished. On November 17, however, one day prior to the expiration of the foregoing deadline, defendants Angulo and I. Montecinos each filed a "motion to dismiss default judgment," which the court – as does plaintiff – construes as a motion to set aside the default entered against these defendants (in addition to F. Montecino) on April 14, 2011. Thus, now before the court are: (1) defendant Francisco Montecino's motion to dismiss; and (2) defendant Angulo's and defendant I. Montecinos' motions to set aside the default.

Having read the defendants' papers and plaintiff's oppositions thereto, and carefully considered their arguments, and good cause appearing, the court hereby DENIES the motion to dismiss, and GRANTS the motions to set aside the default, for the following

reasons.

As a preliminary matter, the court notes that plaintiff's complaint asserts four causes of action against all defendants, stemming from the allegedly unauthorized television distribution and exhibition of "Ultimate Fighting Championship 107: BJ Penn v. DiegoSanchez" that took place at El Amigo Taqueria, a restaurant in San Leandro, California, that is purportedly owned by defendants. See Complaint, ¶¶ 7-9. Plaintiff, who alleges that it had exclusive nationwide commercial distribution rights to the program, asserts: (1) that defendants unlawfully exhibited the program in violation of 47 U.S.C. § 605; (2) that defendants unlawfully exhibited the program in violation of 47 U.S.C. § 553; (3) that defendants are liable for conversion; and (4) that defendants unlawfully exhibited the program in violation of Cal. Bus. & Prof. Code § 17200. See generally id.

Against this backdrop, and turning to F. Montecinos' motion to dismiss, defendant appears to seek dismissal of plaintiff's complaint in its entirety. As a basis for its motion, defendant argues that the declarations of two separate individuals – Robert Gage and Mercedes Montecinos – establishes that both worked at El Amigo on the date that the allegedly unauthorized viewing of the program took place, and that El Amigo did not display the program according to these individuals. Mot. Dismiss at 3. Defendant also contends that "El Amigo is not suitable or equipped for organized commercial viewing of televised events," and furthermore, that the present lawsuit is part of "an extensive pattern on the part of" plaintiff's law firm to "target small businesses" through the use of paid "investigators" who swear out affidavits (falsely, defendant appears to be intimating) stating that the investigators witnessed businesses illegally displaying sporting events.

As plaintiff notes in opposition, however, defendant's argument is more akin to a denial of liability, or a merits-based argument, than it is an argument for dismissal under Federal Rule of Civil Procedure 12(b)(6). Defendant's argument does not challenge the legal sufficiency of any cause of action asserted by plaintiff (indeed, nor does defendant even name any specific cause of action), nor does defendant otherwise challenge plaintiff's

2

ability or standing to bring suit against defendant, as is required for a successful motion to dismiss. Furthermore, a cursory review of plaintiff's complaint suggests that plaintiff has done an adequate job of setting forth a short and plain statement of its claims, and the facts entitling plaintiff to relief. No glaring or blatant deficiency is apparent from the face of plaintiff's papers, from which to infer any argument in favor of dismissal on defendant's behalf. Accordingly, the court DENIES defendant's motion to dismiss, on grounds that defendant has failed to adequately set forth a basis for dismissal pursuant to Rule 12(b)(6).

Turning to defendant Angulo's and defendant I. Montecinos' motions to set aside the default, the court notes at the outset, as plaintiff's opposition points out, that defendants' motions are essentially identical to the earlier motion to set aside default that was filed by defendant F. Montecinos. Indeed, defendants Angulo and I. Montecinos appear to have merely re-circulated the same motion in pursuit of their own order setting aside the default. However, the court disagrees with plaintiff's suggestion that this alone is sufficient cause to deny defendants' motion. Indeed, it stands to reason that defendants Angula and I. Montecinos would rely on the same arguments made by defendant F. Montecinos, in view of the fact that all defendants had default entered at the same time, and presumably contend that the same grounds for setting aside the default apply.

Regarding the substance of the motions, pursuant to Federal Rule of Civil Procedure 55(c), a court may set aside entry of default for good cause. The Ninth Circuit utilizes a three-factor test to determine whether good cause exists. See United States v. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010)('good cause' determination requires consideration of three factors: (1) whether defendant engaged in culpable conduct; (2) whether defendant has no meritorious defense; or (3) whether opposing party will suffer prejudice). Pursuant to Mesle, "a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." Id. As the party seeking relief from the entry of default, defendants here bear the burden of showing that the three Mesle factors favor such relief. See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d

922, 926 (9th Cir. 2004).

With respect to the first <u>Mesle</u> factor, while there is some room for debate on the matter, the court ultimately concludes that defendants have not engaged in culpable conduct. A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." <u>Mesle</u>, 615 F.3d at 1092; <u>see also TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 697 (9th Cir. 2001)(culpability requires the defendant to have "acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process"). The court previously concluded that defendant F. Montecinos' conduct was not culpable, in view of the fact that defendant had filed a motion to dismiss the complaint one day after the clerk entered default, and only days past the deadline for responding to plaintiff's initial complaint. Unlike defendant F. Montecinos, defendants Angula and I. Montecinos have not filed a motion to dismiss, and the instant motions to set aside the default are the first appearances that either have made in the case since default was entered against them nearly eight months ago, on April 14, 2011. Notwithstanding this passage of time, however, the court concludes that defendants' unrepresented status, in view of defendants' clearly expressed desire to defend against plaintiff's allegations, are factors that warrant added consideration, and that ultimately persuade the court that no culpable conduct has occurred. <u>See Mesle</u>, 615 F.3d at 1093 (declining to attribute intentionality to an unrepresented defendant's mere failure to answer a complaint, holding that such a stringent culpability standard was reserved for a "legally sophisticated entity or individual" who is presumed to have "an understanding of the consequences of its actions").

Defendants are also not devoid of a potentially meritorious defense. To satisfy the meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." <u>See Mesle</u>, 615 F.3d at 1094. However, the burden to show a meritorious defense in support of a motion to set aside "is

4

not extraordinarily heavy." Id. Defendant need only "allege sufficient facts that, if true, would constitute a defense...". Id. Furthermore, the meritorious defense requirement is also more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. See id. at 1091 n.1. Here, as the court found in connection with F. Montecinos' motion, defendants' motions to set aside the default challenges the complaint on the ground that defendants never actually engaged in the unauthorized and/or unlawful display of the alleged programming in question. See, e.g., Mots. Set Aside Def. at 3-4. Liberally construed, defendants' motion challenges the allegations of the complaint on its merits, for failure to state a claim. Thus, defendants have presented a legally cognizable defense.

Finally, and as the court previously concluded, there is no undue prejudice to plaintiff that results from setting aside the default. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, 'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" TCI Group, 244 F.3d at 701 (citation and quotation marks omitted). Here, while defendants' delay in moving to set aside the default is much longer than that of F. Montecinos, defendants did move to set aside the default promptly following the court's November 4 order stating that the default as to defendants Angulo and I. Montecinos remained valid. Moreover, it is conceivable to the court, particularly in view of the nearly identical papers these defendants filed in support of the motion to set aside default, that defendants Angulo and I. Montecinos were not aware of the need to file separate papers in support of the motion to set aside the default, until the court clearly stated as much in its prior November 4 order. Thus, and in view of the relatively early legal posture of the instant action, the court concludes that setting aside the default would not result in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. Finally, particularly – as here – where default judgment has not been entered, the lack of prejudice to plaintiff favors granting the motion to set aside entry of default.

Accordingly, the three factors in the good cause analysis under <u>Mesle</u> favor setting aside the entry of default pursuant to Rule 55(c). This conclusion is furthermore consistent with the strong public policy that generally disfavors default judgments in favor of resolving a case on its merits. <u>See Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814 (9th Cir. 1985).

In sum, and for all the foregoing reasons, defendant F. Montecinos' motion to dismiss is DENIED, and defendant Angulo's and defendant I. Montecinos' motions to set aside the defaults against them are GRANTED. The parties shall appear at a case management conference on January 12, 2012, at 2 p.m. Case management statements shall be filed by each party no later than January 5, 2010.

All pending motions are terminated.

**IT IS SO ORDERED.**

Dated: December 21, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge