1

2

3                              UNITED STATES DISTRICT COURT

4                             NORTHERN DISTRICT OF CALIFORNIA

5

6

7    JOE HAND PROMOTIONS,

8            Plaintiff,                           No. C 10-5578 PJH

9        v.                                       **ORDER DENYING DISMISSAL;**
                                                  **GRANTING MOTION TO SET**
10   EFRAIN FONSECA ANGULO, et al.,               **ASIDE DEFAULT**

11           Defendants.
     _____/
12

13          On November 4, 2011, the court granted defendant Francisco Montecino's ("F.

14   Montecinos") motion to set aside the default entered against him on April 14, 2011, and

15   placed on calendar defendant F. Montecinos' motion to dismiss plaintiff's complaint.  By the

16   same order, the court also instructed that plaintiff's pending motion for default judgment

17   could go forward as to the remaining two defendants, Ephrain Angula ("Angula") and Idalia

18   Montecinos ("I. Montecinos").  The court allowed plaintiff until November 18, 2011 to file a

19   renewed motion for default judgment, if it so wished.  On November 17, however, one day

20   prior to the expiration of the foregoing deadline, defendants Angulo and I. Montecinos each

21   filed a "motion to dismiss default judgment," which the court – as does plaintiff – construes

22   as a motion to set aside the default entered against these defendants (in addition to F.

23   Montecino) on April 14, 2011.  Thus, now before the court are: (1) defendant Francisco

24   Montecino's motion to dismiss; and (2) defendant Angulo's and defendant I. Montecinos'

25   motions to set aside the default.

26          Having read the defendants' papers and plaintiff's oppositions thereto, and carefully

27   considered their arguments, and good cause appearing, the court hereby DENIES the

28   motion to dismiss, and GRANTS the motions to set aside the default, for the following

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    reasons.

2        As a preliminary matter, the court notes that plaintiff's complaint asserts four causes

3    of action against all defendants, stemming from the allegedly unauthorized television

4    distribution and exhibition of "Ultimate Fighting Championship 107: BJ Penn v.

5    DiegoSanchez" that took place at El Amigo Taqueria, a restaurant in San Leandro,

6    California, that is purportedly owned by defendants.  See Complaint, ¶¶ 7-9.  Plaintiff, who

7    alleges that it had exclusive nationwide commercial distribution rights to the program,

8    asserts: (1) that defendants unlawfully exhibited the program in violation of 47 U.S.C. §

9    605; (2) that defendants unlawfully exhibited the program in violation of 47 U.S.C. § 553;

10   (3) that defendants are liable for conversion; and (4) that defendants unlawfully exhibited

11   the program in violation of Cal. Bus. & Prof. Code § 17200.  See generally id.

12       Against this backdrop, and turning to F. Montecinos' motion to dismiss, defendant

13   appears to seek dismissal of plaintiff's complaint in its entirety.  As a basis for its motion,

14   defendant argues that the declarations of two separate individuals – Robert Gage and

15   Mercedes Montecinos – establishes that both worked at El Amigo on the date that the

16   allegedly unauthorized viewing of the program took place, and that El Amigo did not display

17   the program according to these individuals.  Mot. Dismiss at 3.  Defendant also contends

18   that "El Amigo is not suitable or equipped for organized commercial viewing of televised

19   events," and furthermore, that the present lawsuit is part of "an extensive pattern on the

20   part of" plaintiff's law firm to "target small businesses" through the use of paid

21   "investigators" who swear out affidavits (falsely, defendant appears to be intimating) stating

22   that the investigators witnessed businesses illegally displaying sporting events.

23       As plaintiff notes in opposition, however, defendant's argument is more akin to a

24   denial of liability, or a merits-based argument, than it is an argument for dismissal under

25   Federal Rule of Civil Procedure 12(b)(6).  Defendant's argument does not challenge the

26   legal sufficiency of any cause of action asserted by plaintiff (indeed, nor does defendant

27   even name any specific cause of action), nor does defendant otherwise challenge plaintiff's

28

United States District Court

For the Northern District of California

1    ability or standing to bring suit against defendant, as is required for a successful motion to

2    dismiss.  Furthermore, a cursory review of plaintiff's complaint suggests that plaintiff has

3    done an adequate job of setting forth a short and plain statement of its claims, and the facts

4    entitling plaintiff to relief.  No glaring or blatant deficiency is apparent from the face of

5    plaintiff's papers, from which to infer any argument in favor of dismissal on defendant's

6    behalf.  Accordingly, the court DENIES defendant's motion to dismiss, on grounds that

7    defendant has failed to adequately set forth a basis for dismissal pursuant to Rule 12(b)(6).

8        Turning to defendant Angulo's and defendant I. Montecinos' motions to set aside the

9    default, the court notes at the outset, as plaintiff's opposition points out, that defendants'

10   motions are essentially identical to the earlier motion to set aside default that was filed by

11   defendant F. Montecinos.  Indeed, defendants Angulo and I. Montecinos appear to have

12   merely re-circulated the same motion in pursuit of their own order setting aside the default.

13   However, the court disagrees with plaintiff's suggestion that this alone is sufficient cause to

14   deny defendants' motion.  Indeed, it stands to reason that defendants Angula and I.

15   Montecinos would rely on the same arguments made by defendant F. Montecinos, in view

16   of the fact that all defendants had default entered at the same time, and presumably

17   contend that the same grounds for setting aside the default apply.

18       Regarding the substance of the motions, pursuant to Federal Rule of Civil Procedure

19   55(c), a court may set aside entry of default for good cause.  The Ninth Circuit utilizes a

20   three-factor test to determine whether good cause exists.  See United States v. Mesle, 615

21   F.3d 1085, 1091 (9th Cir. 2010)('good cause' determination requires consideration of three

22   factors: (1) whether defendant engaged in culpable conduct; (2) whether defendant has no

23   meritorious defense; or (3) whether opposing party will suffer prejudice).  Pursuant to

24   Mesle, "a finding that any one of these factors is true is sufficient reason for the district

25   court to refuse to set aside the default."  Id.  As the party seeking relief from the entry of

26   default, defendants here bear the burden of showing that the three Mesle factors favor

27   such relief.  See Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d

28

United States District Court
For the Northern District of California

1   922, 926 (9th Cir. 2004).

2       With respect to the first Mesle factor, while there is some room for debate on the

3   matter, the court ultimately concludes that defendants have not engaged in culpable

4   conduct. A defendant's conduct is culpable "if he has received actual or constructive notice

5   of the filing of the action and intentionally failed to answer." Mesle, 615 F.3d at 1092; see

6   also TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001)(culpability

7   requires the defendant to have "acted with bad faith, such as an 'intention to take

8   advantage of the opposing party, interfere with judicial decision-making, or otherwise

9   manipulate the legal process"). The court previously concluded that defendant F.

10  Montecinos' conduct was not culpable, in view of the fact that defendant had filed a motion

11  to dismiss the complaint one day after the clerk entered default, and only days past the

12  deadline for responding to plaintiff's initial complaint. Unlike defendant F. Montecinos,

13  defendants Angula and I. Montecinos have not filed a motion to dismiss, and the instant

14  motions to set aside the default are the first appearances that either have made in the case

15  since default was entered against them nearly eight months ago, on April 14, 2011.

16  Notwithstanding this passage of time, however, the court concludes that defendants'

17  unrepresented status, in view of defendants' clearly expressed desire to defend against

18  plaintiff's allegations, are factors that warrant added consideration, and that ultimately

19  persuade the court that no culpable conduct has occurred. See Mesle, 615 F.3d at 1093

20  (declining to attribute intentionality to an unrepresented defendant's mere failure to answer

21  a complaint, holding that such a stringent culpability standard was reserved for a "legally

22  sophisticated entity or individual" who is presumed to have "an understanding of the

23  consequences of its actions").

24      Defendants are also not devoid of a potentially meritorious defense. To satisfy the

25  meritorious defense requirement, "[a] defendant seeking to vacate a default judgment must

26  present specific facts that would constitute a defense." See Mesle, 615 F.3d at 1094.

27  However, the burden to show a meritorious defense in support of a motion to set aside "is

28

4

United States District Court
For the Northern District of California

1  not extraordinarily heavy." Id. Defendant need only "allege sufficient facts that, if true,

2  would constitute a defense...". Id.  Furthermore, the meritorious defense requirement is

3  also more liberally applied on a Rule 55(c) motion to set aside entry of default

4  than on a Rule 60(b) motion to set aside default judgment. See id. at 1091 n.1.  Here, as

5  the court found in connection with F. Montecinos' motion, defendants' motions to set aside

6  the default challenges the complaint on the ground that defendants never actually engaged

7  in the unauthorized and/or unlawful display of the alleged programming in question. See,

8  e.g., Mots. Set Aside Def. at 3-4.  Liberally construed, defendants' motion challenges the

9  allegations of the complaint on its merits, for failure to state a claim.  Thus, defendants

10  have presented a legally cognizable defense.

11      Finally, and as the court previously concluded, there is no undue prejudice to plaintiff

12  that results from setting aside the default.  "To be prejudicial, the setting aside of a

13  judgment must result in greater harm than simply delaying resolution of the case.  Rather,

14  'the standard is whether plaintiff's ability to pursue his claim will be hindered.'" TCI Group,

15  244 F.3d at 701 (citation and quotation marks omitted).  Here, while defendants' delay in

16  moving to set aside the default is much longer than that of F. Montecinos, defendants did

17  move to set aside the default promptly following the court's November 4 order stating that

18  the default as to defendants Angulo and I. Montecinos remained valid.  Moreover, it is

19  conceivable to the court, particularly in view of the nearly identical papers these defendants

20  filed in support of the motion to set aside default, that defendants Angulo and I. Montecinos

21  were not aware of the need to file separate papers in support of the motion to set aside the

22  default, until the court clearly stated as much in its prior November 4 order.  Thus, and in

23  view of the relatively early legal posture of the instant action, the court concludes that

24  setting aside the default would not result in "tangible harm such as loss of evidence,

25  increased difficulties of discovery, or greater opportunity for fraud or collusion." Id.  Finally,

26  particularly – as here – where default judgment has not been entered, the lack of prejudice

27  to plaintiff favors granting the motion to set aside entry of default.

28

**United States District Court**
For the Northern District of California

1    Accordingly, the three factors in the good cause analysis under <u>Mesle</u> favor

2    setting aside the entry of default pursuant to Rule 55(c).  This conclusion is furthermore

3    consistent with the strong public policy that generally disfavors default judgments in favor of

4    resolving a case on its merits.  <u>See Pena v. Seguros La Comercial, S.A.</u>, 770 F.2d 811, 814

5    (9th Cir. 1985).

6        In sum, and for all the foregoing reasons, defendant F. Montecinos' motion to

7    dismiss is DENIED, and defendant Angulo's and defendant I. Montecinos' motions to set

8    aside the defaults against them are GRANTED.  The parties shall appear at a case

9    management conference on January 12, 2012, at 2 p.m.  Case management statements

10   shall be filed by each party no later than January 5, 2010.

11       All pending motions are terminated.

12   **IT IS SO ORDERED.**

13   Dated: December 21, 2011

14   _____
     PHYLLIS J. HAMILTON
15   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28